**Sylvia Jean LARGE**

v.

**R. J. REYNOLDS and Patrick County Memorial Hospital, et al.**

**Civ. A. No. 76–0004(D).**

United States District Court,
W. D. Virginia,
Danville Division.

May 20, 1976.

Robert L. Morrison, Jr., Gilmer, Sadler, Ingram, Sutherland & Hutton, Pulaski, Va., for plaintiff.

Mary Sue Terry, Stuart, Va., for defendants.

## OPINION and JUDGMENT

DALTON, District Judge.

Plaintiff in this case has alleged a denial of due process based upon a deprivation of a property interest without a hearing. She also raises a defamation claim. She alleges jurisdiction based on 28 U.S.C. § 1343 and damages based on a violation of 42 U.S.C. § 1983. Defendants have filed a Motion to Dismiss in which they maintain, among other things, a lack of the requisite state action, and failure to state a claim upon which relief can be granted.

This action arises from an offer of employment extended by defendant Ferracicio, agent and employee of defendant Patrick County Hospital, to plaintiff in December, 1974. Plaintiff alleges acceptance of said offer. She also alleges rescission of the offer and discharge from employment on January 21, 1975. Reasons for the discharge are not alleged, but it is alleged that said dismissal was at the instigation of defendant Neville, who is the perpetrator of the undisclosed defamation.

Plaintiff alleges state action based upon receipt by defendant hospital of funds under the Hill-Burton Act. *Duffield v. Charleston Area Medical Center, Inc.,* 503 F.2d 512 (4th Cir., 1974). The court finds state action on this basis, although such a finding seems tenuous in light of the recent Supreme Court Decision in *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Nevertheless, the Supreme Court recently failed to resolve the dispute between the Circuit Courts over this issue, *Greco v. Orange Memorial Hospital Corp.,* 513 F.2d 873 (5th Cir., 1975), *cert. denied,* 423 U.S. 1000, 96 S.Ct. 433, 46 L.Ed.2d 376 (1975) (*See* dissent to denial of cert., J. White), therefore, Fourth Circuit Pronouncements on this issue are still binding on this court.

The determinative issue, therefore, becomes whether a claim upon which relief can be granted has been alleged. Since state action has been found, plaintiff must be treated as a public employee, employed at the will of the governing authority. Since there is no written contract alleged and no statutory or regulatory provisions requiring a hearing prior to dismissal, Supreme Court pronouncements in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), govern plaintiff's due process rights.

*Roth* held that the Constitution does not require opportunity for a hearing before the nonrenewal of a nontenured teacher's contract, unless he can show that the decision deprived him of an interest in "liberty" or that he had a "property" interest in continued employment, despite the lack of tenure or a formal contract. *Perry v. Sindermann, supra,* at 599, 92 S.Ct. 2694. "[T]hat liberty is not offended by dismissal from employment itself, but instead by dismissal based upon an unsupported charge which could wrongfully injure the reputa-

tion of an employee." *Arnett v. Kennedy,* 416 U.S. 134, 156–7, 94 S.Ct. 1633, 1646, 40 L.Ed.2d 15, 35 (1974). Since the nature of the reasons for plaintiff's discharge have not been divulged the court feels plaintiff's reputation is intact. Therefore, she has been deprived of no constitutionally protected liberty.

■ Likewise, the court finds no deprivation of any constitutionally protected property interest. *Roth* commands that a person must have more than a unilateral expectation of a property interest. *Id.,* 408 U.S. at 577, 92 S.Ct. 2701. He must have a legitimate claim of entitlement to it. *Id.* These claims are based not on the Constitution, but "are defined by existing rules or understandings that stem from an independent source such as state law . . .", *Id.,* or by a mutually binding understanding fostered by an employer. *Perry v. Sindermann, supra,* 408 at 599–600, 92 S.Ct. at 2709, 33 L.Ed.2d at 561.

There is no evidence of a "mutually binding understanding" between plaintiff and defendants analogous to the circumstances presented in *Perry v. Sindermann, supra.* Further there is no indication that this was a contract other than at will, and, thus, according to Virginia law, may be terminated with or without cause at the will of either party to the contract. 12 Michie's Juris. *Master and Servant* § 7 (1950).

■ With regards to plaintiff's defamation claim, the court is in complete agreement with the Second Circuit Court of Appeals that an alleged defamation, even if true, "has no connection with any federally protected right but solely with a right arising out of state law." *Association for Preserv. of Freedom of Choice v. Simon,* 299 F.2d 212, 214 (2d Cir., 1962).

Accordingly, defendants' Motion to Dismiss is granted and this case is ordered dismissed and stricken from the docket.